UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Aror Ark O'Diah,

      Plaintiff,

v.                                         Civil Action No. 17-966 (UNA)

Richard Cordray *et al.*,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "[A] complaint that is excessively long, rambling, disjointed,

incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).

Plaintiff is a resident of Brooklyn, New York. His lengthy list of defendants includes high-level federal and New York state officials and public entities, federal and state judges in New York, and several private businesses. Plaintiff seeks $1 billion from "each 36 defendants named jointly and separately," for a total of $36 billion in damages. Compl. Caption.

Plaintiff's perplexing allegations suggest a vast conspiracy to defame and discriminate against him, but they fail to provide each defendant with adequate notice of a viable claim. Moreover, no wrongful activity appears to have occurred in the District of Columbia; therefore, this court would not be the proper venue for litigating any such claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the judicial district in the State where a substantial part of the events occurred). Given the complaint's deficiencies, the court finds that transferring the case to an appropriate court in New York would not "be in the interest of justice." 28 U.S.C. § 1406(a). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June 13, 2017

United States District Judge